**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONOCOPHILLIPS COMPANY, | § § | CIVIL ACTION NO. 4:20-cv-04385 |
| Plaintiff, | § § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| IN-DEPTH COMPRESSIVE SEISMIC INC and IN-DEPTH GEOPHYSICAL INC, | § § § § § | |
| Defendants. | § | |

**OPINION AND ORDER**
**DENYING MOTION TO DISMISS**

The motion by Defendants In-Depth Compressive Seismic, Inc and In-Depth Geophysical, Inc to dismiss the complaint filed by Plaintiff ConocoPhillips Company is denied. Dkt 12.

1. Background

This patent-infringement action pertains to United States Patent No 10,832,867 issued in November 2020 and owned by ConocoPhillips for "Seismic Data Acquisition Using Non-Uniform Receiver Spacing." Dkt 1-1. It is a continuation of two similar parents, respectively dated November 2017 and June 2011 and referred to as the '838 Patent and the '248 Patent. See Dkt 1-1 at 2.

The '867 Patent pertains to a method for sampling and gathering data created during a process called *compressive seismic imaging*. That is a process by which seismic compression waves are sent through the earth to determine the geological makeup of rock formations, which in turn determines whether the formations contain oil, gas, or other valuable resources. See Dkt 1 at ¶¶ 8–12.

ConocoPhillips refers in both its complaint and its response to Defendants together singularly as *In-Depth*, which convention is adopted here. ConocoPhillips alleges that In-Depth "created, uses, and offers services related to a compressive sensing product, which In-Depth calls 'Compressive Seismic Reconstruction' ('CSR')." Dkt 1 at ¶ 16. It says that In-Depth's CSR product mirrors its own compressive imaging services and uses the patented nonuniform spacing process. ConocoPhillips points to several webpages on the In-Depth Compressive corporate website and alleges that these pages explain services offered by In-Depth that purportedly infringe the '867 Patent. Id at ¶ 29 (claim chart). ConocoPhillips also points to a YouTube video published by the Society of Exploration Geophysicists, which is an organization that publishes educational materials on geophysics. The video explains the "optimized" sampling method that In-Depth Compressive uses. Ibid.

ConocoPhillips brings a claim for patent infringement of the '867 Patent, seeking money damages and injunctive relief. In-Depth moves to dismiss under Rule 12(b)(6), arguing that ConocoPhillips fails to state a claim. Dkt 12.

A related infringement lawsuit pending before Judge Sim Lake involves the same parties and pertains to the '248 Patent. See *ConocoPhillips Co v In-Depth Compressive Seismic, Inc*, No 18-cv-803. Judge Lake stayed that action in October 2019 pending *inter partes* review by the Patent Trial and Appeal Board. The Board issued a final decision in September 2020, upholding the patent in part and invalidating it in part. That decision is now on appeal before the Federal Circuit. Ruling is expected on that "later" in 2021. See Dkt 12 at 5. The parties agreed at hearing that decision on the pending motion needn't await ruling in the Federal Circuit.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker*, 938 F3d at 735 (citations omitted). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted). But documents attached to either a motion to dismiss or an opposition to that motion may be considered when they are referred to in the complaint and "are central to a plaintiff's claims." Ibid (citation omitted).

### 3. Analysis

In-Depth asserts that dismissal is appropriate because ConocoPhillips fails to allege facts showing performance of the patented method. It also argues that infringement (if any) took place before the '867 Patent was issued and thus isn't actionable.

#### a. Sufficiency of performance allegation

To allege infringement of a method claim, the plaintiff must plead facts that show that all steps of the claimed method were performed by the defendant. See *Akamai Technologies, Inc v Limelight Networks, Inc*, 797 F3d 1020, 1022 (Fed Cir 2015, *en banc*,

*per curiam*). For that reason, merely selling or marketing a patented process doesn't constitute infringement. See *Ricoh Co v Quanta Computer Inc*, 550 F3d 1325, 1334–35 (Fed Cir 2008); see also *Joy Technologies, Inc v Flakt, Inc*, 6 F3d 770, 773 (Fed Cir 1993).

As to the complaint by ConocoPhillips, In-Depth argues that there's no reasonable inference that it performed the claimed '867 method. Dkt 12 at 16–19. The marketing statements and YouTube video relied on by ConocoPhillips, In-Depth says, "at most" support allegation that it has "the ability to design a survey for solving a unique geophysical problem, which is not actionable." Dkt 12 at 19.

This contention lacks merit. In-Depth would require at this pleading stage an allegation of *direct* (and seemingly *irrefutable*) evidence of actual performance of the method. That would stretch the standard on motion to dismiss too far. To the contrary, ConocoPhillips bases its infringement claim on specific factual allegations to which a reasonable conclusion of infringement pertains. First, based on the webpages and video, it alleges that In-Depth has advertised capacity to perform sampling like the method described in the '867 Patent. Second, it alleges that In-Depth is in the business of providing such imaging services within the oil and gas industry.

It's not a speculative or conclusory leap to conclude from those specific allegations that In-Depth performed the patented process that it claims it can perform and for which it is in business to perform. Indeed, the complaint alleges that In-Depth is actually "*making, using*, selling, offering to sell, and/or offering to perform methods and articles that conduct compressive seismic acquisition of data based on a non-uniform optimized compressive sensing-based survey design, *including In-Depth's CSR products and services*." Dkt 1 at ¶ 28 (emphasis added). An inserted claim chart then specifically states that In-Depth "*performs* a method of characterizing a geological subsurface." Ibid (emphasis added). This isn't simply allegation that In-Depth is *capable* of performing all steps of the claimed method, as In-Depth contends. See Dkt 12 at 17, quoting *Cybersettle Inc v National Arbitration Forum Inc*, 243 F Appx 603, 606 (Fed Cir 2007). Fairly read, the allegations state that In-Depth is actually *doing* it.

4

In-Depth criticizes that ConocoPhillips pleads certain aspects of its allegations solely *on information and belief*. See Dkt 12 at 16. But such pleading at this stage is appropriate, especially where the evidence of proof is in the hands of, or more accessible to, the defendant. *Johnson v Johnson*, 385 F3d 503, 531 n 19 (5th Cir 2004). And these aren't bare allegation of legal conclusions on information and belief. Rather, they proceed logically from a factually pleaded predicate. Compare *Salermo v Hughes Watters & Askanase LLP*, --- F Supp 3d ---, 2021 WL 293311, *9–10 (SD Tex).

It might well be that no evidence will exist as to performance of the '867 method. But that's a matter for summary judgment. The allegations are sufficient to proceed beyond the pleadings. The motion to dismiss will be denied on this basis.

### b. Timing of alleged infringement

A plaintiff must, of course, establish the existence of a valid patent as a prerequisite to a claim for patent infringement. This includes showing that the patent was issued prior to any infringement. For example, see *Ericsson, Inc v D-Link Systems, Inc*, 773 F3d 1201, 1213–14 (Fed Cir 2014).

As to the complaint by ConocoPhillips, In-Depth argues that it fails to state "a plausible claim" because it doesn't allege the infringement "took place after the '867 Patent issued." Dkt 12 at 19. It asserts that the sources for allegations of infringement both predate the issuance of the '867 Patent. That is, the '867 Patent was issued in November 2020—but the webpages were first published prior to March 2018, and the YouTube video was posted in July 2020 (and is based on studies conducted in 2018 and 2019). In-Depth argues that this means that ConocoPhillips fails to offer sufficient factual allegations from which it could be reasonably inferred that any infringement occurred after issuance of the '867 Patent. See Dkt 12 at 20–21.

This argument, too, lacks merit. Again, the question now is only whether the specific allegations support an inference that In-Depth infringed the '867 Patent. They do. True, the webpages and video were originally published prior to issuance of the '867 Patent. But that doesn't mean that they can in no way support allegation of infringement after issuance. Indeed, both remain

active and available on the internet to the general public. From these specific allegations, it's quite plausible to conclude that In-Depth infringed the '867 Patent after it was issued.

In-Depth also argues that ConocoPhillips must allege the precise date at which the infringement began. See Dkt 12 at 19–20. It cites as support the decision in *Quantum Loyalty Systems, Inc v TPG Rewards, Inc*, 2009 WL 5184350 (D Del). But rather than demand allegation of a specific date on which infringement commenced, *Quantum Loyalty* goes only so far as to require that a patent-infringement plaintiff plead *some* facts showing that the subject patent was infringed after the patent was issued. And there, it was clear that the challenged program hadn't been "offered" for more than one year before the earliest filing date of the subject patent, and plaintiffs otherwise failed to allege "*any* facts as to when the infringement began or whether it has continued to this day." Id at *8 (emphasis in original).

Regardless, courts in this district specifically decline to require a high degree of specificity on such timing in the complaint itself. This is so in light of the obligations imposed by the local rules on plaintiffs to disclose with specificity asserted claims and preliminary infringement contentions at a very early stage. For example, see *Lubrizol Specialty Products, Inc v Flowchem LLC*, 165 F Supp 3d 534, 538 (SD Tex 2016); see also Rules of Practice for Patent Cases, United States District Court for the Southern District of Texas, at Section 3-1. This being so, ConocoPhillips needn't within its complaint posit an exact date on which infringement began.

The motion to dismiss will be denied on this basis as well.

### 4. Conclusion

The motion by Defendants In-Depth Compressive Seismic, Inc and In-Depth Geophysical, Inc to dismiss the complaint filed by Plaintiff ConocoPhillips Company is DENIED. Dkt 12.

SO ORDERED.

Signed on May 10, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge